UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:10-cr-20-Oc-28GRJ

ANTHONY MARCHESSEAULT

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, and the defendant, ANTHONY MARCHESSEAULT, and the attorney for the defendant, Rick Carey, mutually agree as follows:

A.  **Particularized Terms**

   1.  Count Pleading To

   The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with false information and hoaxes, in violation of 18 U.S.C. § 1038.

   2.  Maximum Penalties

   Count One carries a maximum sentence of five years imprisonment, a fine of up to $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100 to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the

Defendant's Initials _AM_

AF Approval _____
Chief Approval _____

offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First: The defendant engaged in conduct with an intent to convey false or misleading information;

Second: Under circumstances in which such information may reasonably have been believed; and,

Third: Such information indicated that an activity had taken, was taking, or would take place that would constitute a violation of Title 18, chapter 113B.

4. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5. Discretionary Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. §§ 3663(a) and (b), defendant agrees to make full restitution to Maritz Incorporated in the amount of $2,711.

Defendant's Initials _____   2   Chief Approval _____

6. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7. Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _ACM_    3    Chief Approval _MM_

B. **Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _[initials]_   4   Chief Approval _[initials]_

3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges

Defendant's Initials _____     5     Chief Approval _____

that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. Defendant's Waiver of Right to Appeal and
   Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. §

Defendant's Initials _AEW_   6   Chief Approval _NMH_

3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to

Defendant's Initials _____  7  Chief Approval _____

be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

<u>FACTS</u>

On January 19, 2005, a suspicious package was discovered in the collection mail at a postal facility in Eustis, Florida. The package was a white cardboard box measuring approximately 11"X7" and was approximately 3.25" deep. The box was

Defendant's Initials _____  8  Chief Approval _____

addressed to "Dr. Al-Zarquawi, Baghdad University, Gjasd A Da S., Baghdad, Iraq."[1]
The return address was to the Chairman and Chief Executive Officer of Maritz, Incorporated ("Maritz"). Maritz is a multinational organization with operating companies and associates in at least 42 countries with their worldwide headquarters located in Missouri. The box was also affixed with a sticker which read "POSTAGE PAID BY ADDRESSEE." As a result of insufficient postage and an incorrect mailing address, the package would be "returned" to Maritz (specifically to the Chairman and Chief Executive Officer of Maritz.)

The box was imaged by the Postal Service and appeared to contain a possible explosive device. As a result, the Postal Service called the bomb squad to examine the package. Further investigation revealed that the contents of the box consisted of an Audiovox FM transceiver, three Audiovox Corporation NIMH rechargeable batteries, and an AC adapter class 2 power supply. The end of the adaptor was cut off and the transceiver was missing the lid which covers the battery compartment. As a result of the examination, it was determined that the package contained a hoax explosive device and false address information.

The United States Postal Inspection Service (USPIS) took possession of the box and contacted Maritz. Representatives of Maritz stated that they did not mail this box. Maritz also indicated that they had received three boxes which were similar to this one. The addressee on one was "Dr. Al Zarquawi" and the addressee on the other two was "Usama Bin Laden[sic], Baghdad University." Two of the boxes contained football video

---

[1] At the time of the mailing, Abu Musab Al-Zarqawi was a known terrorist with a pledged allegiance to Osama bin Laden.

Defendant's Initials _AEM_  9  Chief Approval _NMN_

cassettes and the third contained an additional hoax explosive device: an Audiovox two way radio, four batteries, and a piece of black wire. These packages had also been sent through the mail and returned to Maritz for postage due.

On January 27, 2005, Maritz corporate security contacted USPIS and stated that Maritz had received another "returned for postage" package. This one was a flat envelope that appeared to be leaking an unknown liquid. This liquid was later identified as a liquid cough suppressant medicine.

Maritz indicated that a likely suspect regarding these mailings was Anthony E. Marchesseault. The investigation revealed Marchesseault had a post office box in Eustis, Florida.

Maritz indicated to the USPIS that Marchesseault was employed by Maritz in the 1990's as a freelance facilitator assigned to the General Motors/Cadillac account. His annual contract was not renewed in 1996. He strongly protested the company's decision not to renew his contract, and he began a campaign against Maritz that continued for approximately 10 years. The total number of communications from Marchesseault during those next 10 years were over 100 separate communications. The communications to Maritz came via mail, email, fax and package and were non-threatening.

In a subsequent consensual interview with agents, Marchesseault admitted to sending at least two (2) hoax explosive packages because he was attempting to anger Maritz because he was upset about the decision of pulling his 1996 contract. Marchesseault identified the contents of the hoax explosive package mailed January 19, 2005 and seized in Eustis as a package the he had sent to Maritz.

Defendant's Initials _____  10  Chief Approval _____

Maritz spent $2,711 in extra security following the hoax explosive threats.

10. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 16 day of August, 2010.

_____  By: _____
ANTHONY MARCHESSEAULT                 David L. Haas
Defendant                             Assistant United States Attorney

A. BRIAN ALBRITTON
United States Attorney

_____       _____
Rick Carey                            Roger B. Handberg, III
Attorney for Defendant                Assistant United States Attorney
                                      Chief, Orlando Divison

Defendant's Initials _____        11        Chief Approval _____